**Ronald HALASZ, Plaintiff,**

v.

**UNIVERSITY OF NEW ENGLAND, Defendant.**

**Civ. No. 92–52–P–C.**

United States District Court, D. Maine.

May 6, 1993.

See also 816 F.Supp. 37.

Russell F. Stryker, Maine Advocacy Services, Augusta, ME, for plaintiff.

Frederick C. Moore, Robinson, Kriger, McCallum, Portland, ME, for defendant.

## ORDER ON DEFENDANT'S MOTION FOR COSTS AND ATTORNEY'S FEES

GENE CARTER, Chief Judge.

### I.

In this action brought under the Rehabilitation Act of 1973, 29 U.S.C. § 794, the Court granted summary judgment to Defendant on all counts of Plaintiff's complaint. (Docket No. 37). Defendant has now filed a bill of costs under 28 U.S.C. § 1920 and a motion for attorney's fees under the Rehabilitation Act, 29 U.S.C. § 794a(b). (Docket No. 39). Plaintiff objects both to the bill of costs and to the motion for attorney's fees. (Docket No. 41). Defendant has moved to file a reply memorandum. (Docket No. 42). Finding that such a memorandum will aid in its determination of the issue, the Court hereby *GRANTS* the motion to file a reply.

■ Section 794a(b) provides that "[i]n any action or proceeding to enforce or charge a violation of a provision of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Although the Supreme Court has not specifically interpreted the attorney's fees provisions of the Rehabilitation Act as it pertains to a prevailing defendant, it has discussed extensively such provisions in other civil rights statutes with virtually identical language.

In *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the Court held that a prevailing defendant may be awarded attorney's fees under Title VII of the Civil Rights Act of 1964 only if the court finds plaintiff's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id.* at 422, 98 S.Ct. at 701. The Court has invoked this formulation for the award of attorney's fees to prevailing defendants in cases brought under 42 U.S.C. § 1983, *Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980), and 42 U.S.C. § 1988, *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Given the Rehabilitation Act's clear intent to provide the same remedies to plaintiffs under it that are available to plaintiffs under the Civil Rights Act of 1964, *see* 29 U.S.C. § 794a(a) and the Supreme Court's express application of the *Christiansburg* test to other types of civil rights actions, the Court is satisfied that it should apply that test in this case.

Plaintiff's case was not frivolous, unreasonable, or groundless. The law in this area has been continuously evolving. Although the Court of Appeals has recently spoken on the issue of what the term "otherwise qualified"

means in section 504 of the Rehabilitation Act, *Wynne v. Tufts University School of Medicine,* 976 F.2d 791 (1st Cir.1992), the application of this concept in the context of a university's learning disabilities program presented issues not addressed by other courts. Moreover, some of the regulations raised by Plaintiff in support of his claims had not been interpreted in the federal courts prior to this litigation.

A further reason to deny Defendant's motion for attorney's fees is the likelihood that Plaintiff would have great difficulty paying the $23,964.50 billed by counsel. Plaintiff brought this suit *in forma pauperis.* At the time he filed his application to proceed, he averred that he had no income, no assets, and considerable student loan debt. Because Plaintiff has remained a student since that time, the Court finds it unlikely that his financial picture has improved enough to make him able to pay the large sum sought by Defendant.

Defendant argues that it should be allowed attorney's fees because it has gone to great lengths to accommodate "otherwise qualified" handicapped persons in accordance with the spirit of the Rehabilitation Act and should be allowed to recover some of the costs of fending off meritless suits. That Defendant may have laudably offered services to the handicapped does not mean that it could never be liable for violation of the Rehabilitation Act. Although Plaintiff plainly lost on all of his claims, his case is not the type of meritless, unreasonable action which the attorney's fees provision of the Rehabilitation Act was intended to deter. Therefore, Defendant's motion for attorney's fees must be denied.

## II.

■ It is clear from the wording of section 794a(b), which permits attorney's fees as a discretionary element of costs, that Congress intended the costs of litigation to be awarded generally as a matter of course in Rehabilitation Act cases as they are under 28 U.S.C. § 1920 and Rule 54 of the Federal Rules of Civil Procedure. Both the statute and the rule make plain, however, that the Court has discretion in such matters. Plaintiff suggests that he should not be subject to costs

because the case was close and difficult and because he is not in a position to pay the costs. Although the case is not the type to occasion an award of attorney's fees to a prevailing defendant, neither is it, in the Court's estimation, so close and difficult as to warrant a waiver of costs traditionally assessed to a losing party. Moreover, the costs sought to be charged by Defendant here are of a far different order of magnitude than the attorney's fees proposed. The Court does not see Plaintiff's lack of resources as constituting a bar to his eventual payment of costs, as long as they are sufficiently documented.

The costs assessed here include $1132.26 for fees paid to court reporters for depositions. Plaintiff challenges the fee for the deposition of his mother on the grounds that it was not used by Defendant in its motion for summary judgment. It was, however, cited by Plaintiff in his response to that motion (Docket No. 32), and without difficulty the Court can envision instances in which the deposition might have been used by Defendant in presenting the evidentiary basis of its case. The Court does not, therefore, find that the charges incurred for the deposition of Carole Halasz or for any of the other depositions in this case are unreasonable.

Plaintiff also complains that the costs assessed for copying, $705.98 for "approximately 2824 copies", are excessive. Based on the fact that six people were copied on some of defense counsel's correspondence, Plaintiff speculates that unnecessary copies may have been made. If copies of all the documents in this case were indeed sent to three University of New England officials, its corporate counsel, its insurer and one other person, as Plaintiff surmises, the Court will take a hard look at the necessity for such a paper blizzard. Before deciding whether to allow the Defendant's bill of costs, therefore, the Court will require defense counsel to submit an affidavit setting forth with greater detail its copying expenses.

## III.

Accordingly, Defendant's Motion to File a Reply is hereby *GRANTED.* Defendant's Motion for Attorney's Fees is hereby *DENIED.* Defense counsel is hereby *OR-*

DERED to submit by May 15, 1993, an affidavit explaining more thoroughly the charges for photocopying included in the bill of costs.

So *ORDERED*.